**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARREN K. CHANDLER, also
known as Alim Al-Hamim,

       Plaintiff-Appellant,

v.

K. RODRIGUEZ, Correctional
Officer; JOANNE NOLEN; DR.
AUTERY,

       Defendants-Appellees.

No. 02-1444
(D.C. No. 01-MK-325 (MJW))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Darren K. Chandler, a Colorado state inmate and practicing Muslim, brought this 42 U.S.C. § 1983 civil rights action against K. Rodriguez (a prison guard) and Joanne Nolen and Dr. Autery (healthcare providers in the Colorado prison system). He appeals the district court's entry of summary judgment based on the doctrine of qualified immunity. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff's complaint alleges that while he was in a prayer posture on the floor directly in front of his cell door, Ms. Rodriguez pushed the door open, intentionally striking him on the head. Later, Ms. Nolen and Dr. Autery allegedly provided inadequate care for the neck and spine injuries he sustained in the incident. He claims Defendants violated (1) his Eighth Amendment right to be free from cruel and unusual punishment, in that Ms. Rodriguez used excessive force in opening the door and the healthcare providers showed deliberate indifference to his medical needs, and (2) his First Amendment right to practice his religion. On appeal he also asserts that the district court abused its discretion in denying his motion for appointment of counsel and failing to assist him in responding to Defendants' motion for summary judgment.

After the assertion of a qualified-immunity defense on summary judgment, the plaintiff must meet a two-fold burden. *See Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003). He "must show that (1) the official violated a

constitutional or statutory right; and (2) the constitutional or statutory right was clearly established when the alleged violation occurred." *Id.* "If the plaintiff does not satisfy either portion of the two-pronged test, the Court must grant the defendant qualified immunity." *Id.*

Here, the district court's analysis ended at the first part of the test. The court held that Defendants were entitled to qualified immunity because Plaintiff's filings did not show a violation of any cognizable constitutional rights. We review this ruling de novo. *Nelson v. McMullen*, 207 F.3d 1202, 1205 (10th Cir. 2000).

Concerning the alleged use of excessive force, the facts alleged by Plaintiff do not rise to the level of an Eighth Amendment violation. Plaintiff admits that he partially obscured the observation window in his cell door by placing a four-inch by six-inch magnetic mirror in the ten-inch by ten-inch window. He also admits that this act is a security violation under prison regulations. In the circumstances, it was appropriate for Ms. Rodriguez to open the cell door to investigate promptly whether Plaintiff was engaging in improper conduct. Plaintiff has failed to present evidence that Ms. Rodriguez "acted maliciously and sadistically for the very purpose of causing harm rather than in a good-faith effort to maintain or restore discipline." *Mitchell v. Maynard*, 80 F.3d 1433, 1440 (10th Cir. 1996) (following *Hudson v McMillian*, 503 U.S. 1, 6-7 (1992)). Ms.

-3-

Rodriguez's conduct therefore did not violate the Eighth Amendment. *See id.*

Next, Plaintiff asserts that Defendants Nolen and Autery provided inadequate and delayed medical care for the injuries he allegedly sustained in the incident. Inmates are entitled to "a level of medical care which is reasonably designed to meet the routine and emergency health care of inmates." *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996). Prison officials who are "deliberately indifferent" to a prisoner's "serious medical needs" commit a constitutional violation. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotation marks omitted). "However, 'accidental or inadvertent failure to provide adequate medical care . . . do[es] not constitute a medical wrong under the Eighth Amendment.'" *Riddle,* 83 F.3d at 1203 (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). A difference of opinion between an inmate and medical staff as to the need for or adequacy of treatment "does not rise to the level of a constitutional violation." *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993).

The record contains abundant evidence that Plaintiff was treated for the medical needs arising from the cell-door incident. At best, Plaintiff disagrees with Defendants as to the appropriate treatment for his stated injuries. These complaints are not of constitutional magnitude.

Plaintiff also alleges that Ms. Rodriguez's entry into the cell disrupted his prayers and therefore violated his First Amendment right to practice his religion. "Although inmates clearly retain their First Amendment right to the free exercise of religion, incarceration necessarily limits that right." *Kikumura v. Hurley,* 242 F.3d 950, 956 (10th Cir. 2001). We have noted that the Supreme Court has identified

> four factors to consider in determining whether a prison regulation is reasonable, and therefore valid, despite its impingement upon an inmate's constitutional right: (1) the regulation must have a logical connection to a legitimate governmental interest; (2) whether an inmate has an alternative means of exercising the right; (3) what impact accommodation of the right would have on guards, other inmates, and the general allocation of resources; and (4) whether there are obvious alternatives that would accommodate the inmate's right at a *de minimis* cost.

*Searcy v. Simmons*, 299 F.3d 1220, 1228 (10th Cir. 2002) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Ms. Rodriguez's decision to open Plaintiff's cell door to investigate the security violation was "reasonably related" to the state's valid interest in requiring an unobstructed view through a cell door. Furthermore, neither Plaintiff's placement of the mirror nor his position immediately in front of the cell door is linked to his practice of religion. Plaintiff's constitutional right to practice his religion was not violated.

Finally, Plaintiff complains of unfair treatment in the district court. He argues on appeal that the district court should have appointed counsel to represent him and should have informed him of the need to provide affidavits countering Defendants' submissions. We review a district court's decision not to appoint counsel for an abuse of discretion. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). We consider "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Here, Plaintiff clearly understood the fundamental issues in his case and presented them "intelligently and coherently," the issues are not "particularly complex," and he did not present any "special circumstances." *Id*. In fact, Plaintiff did not request appointment of counsel until he had litigated the case for fifteen months. Having reviewed the record independently, we conclude that the district court did not abuse its discretion in denying the motion seeking appointed counsel.

Plaintiff's assertion that the district court failed to explain how to resist Defendants' motion to dismiss, or in the alternative for summary judgment, is equally unavailing. The district court's duty to construe pro se pleadings liberally does not obligate it to act as an advocate for Plaintiff. *See Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

For the reasons stated above, and for substantially the same reasons relied upon by the district court, we conclude that Defendants are protected by the doctrine of qualified immunity and entitled to summary judgment. Further, the district court did not abuse its discretion in failing to provide further assistance to Plaintiff in pursuing his case. The judgment of the district court is AFFIRMED. Plaintiff's motion to file reply brief out of time is granted. Plaintiff is reminded of his obligation to continue making payments on this appeal until the filing fee is paid in full.

Entered for the Court


Harris L Hartz
Circuit Judge