PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 2003**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

HERIBERTO VERDECIA,

      Plaintiff - Appellee,

v.

OFFICER ADAMS, U.S.P.,
Florence, CO; D. PRUYNE, Officer,
U.S.P., Florence, CO; UNITED
STATES OF AMERICA;

      Defendants,

COLLADO, Lieutenant, U.S.P.,
Florence, CO; MR. FELZ, S.I.S.,
U.S.P., Florence, CO,

      Defendants - Appellants.

No. 01 - 1130

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 98-B-2535)**

---

John R. Mann of Kennedy & Christopher, Denver, Colorado, (Frank R. Kennedy
with him on the brief) for Defendants-Appellants.

Antony Mark Noble of Perkins Coie, Denver, Colorado, (Eric R. Jonsen and Paula
M. Ray of Jonsen & Ray, Broomfield, Colorado; Virginia M. Creighton, Denver,
Colorado, on the brief) for Plaintiff-Appellee.

---

Before **KELLY** and **O'BRIEN**, Circuit Judges, and **EAGAN**, District Judge.[*]

**EAGAN**, District Judge.

Heriberto Verdecia filed this action asserting claims against defendants Reuben Collado and Edward Felz, alleging that his rights under the Fifth, Eighth and Fourteenth Amendments were violated when the defendants, acting with deliberate indifference to a substantial risk of harm to plaintiff, placed him in a cell with gang members who assaulted him because of his Cuban nationality. The district court referred the defendants' motion for summary judgment to the magistrate judge. The magistrate judge recommended that the summary judgment motion be denied on the ground that the plaintiff had presented sufficient evidence to create a genuine issue of material fact as to whether defendants Collado and Felz acted with deliberate indifference to a substantial risk of harm to the plaintiff, and the magistrate judge found that the defendants failed to demonstrate their entitlement to qualified immunity. The district court adopted the magistrate judge's report and recommendation and denied the defendants' motion for summary judgment.

Defendants Collado and Felz filed an interlocutory appeal challenging the

---

[*] The Honorable Claire V. Eagan, United States District Judge for the Northern District of Oklahoma, sitting by designation.

district court's denial of summary judgment and the magistrate judge's finding that the defendants were not entitled to qualified immunity. Because this Court finds that the defendants were entitled to qualified immunity, the judgment of the district court is reversed.

**I.**

Heriberto Verdecia is a Cuban male currently in federal detention in Talledega, Alabama. Prior to his transfer to Alabama, Verdecia was placed in the United States Prison in Florence, Colorado ("USP-Florence"). Defendants Lt. Edward Felz and Lt. Reuben Collado are employed as Special Investigative Agents by the Bureau of Prisons at USP-Florence. Their responsibilities were to investigate all criminal activity at the facility.

On July 28, 1998, Verdecia was removed from the general population at USP-Florence and was placed in the Special Housing Unit. Verdecia was placed in a cell in the Special Housing Unit with two other inmates, Juan Rodriguez and Roberto Rodriguez. Both Juan Rodriguez and Roberto Rodriguez were members of a gang known as the Latin Kings.[1] Verdecia alleges that on July 30, 1998, he spoke to Collado and asked him to get him out of his cell in the Special Housing Unit. On the following day, Verdecia gave his case manager a transfer form

---

[1] Juan Rodriguez and Roberto Rodriguez are unrelated, and Roberto Rodriguez is himself Cuban.

directed to the attention of Felz, which indicated that Verdecia feared an attack from his cell mates. However, there is no evidence that Felz received the transfer form before Verdecia was attacked. On August 4, 1998, Verdecia was attacked with a razor blade by his two cell mates. As a result of the assault, Verdecia was hospitalized and received 110 stitches in his back.

In July 1998, before Verdecia was placed in the Special Housing Unit, a prisoner of Cuban descent and another prisoner who was a member of the Latin Kings were involved in an altercation in the prison yard at USP-Florence. Felz investigated the incident and determined that the prior altercation was an isolated incident between two individuals and was not gang-related. In addition to the altercation at USP-Florence, there was an incident between a Cuban prisoner and a Latin King gang member at a separate institution in Leavenworth, Kansas, which occurred prior to Verdecia's placement in the Special Housing Unit.

Verdecia alleges that the series of events leading up to his assault created an obvious risk when he was placed in the cell with two members of the Latin Kings. Verdecia alleges that Collado and Felz ignored that series of events and acted with deliberate indifference to a substantial risk of harm to his safety.

## II.

"Orders denying qualified immunity before trial are appealable to the extent they resolve abstract issues of law." *Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th

Cir. 1997). Because defendants contend that, even accepting plaintiff's version of the facts, they are entitled to qualified immunity, the Court has jurisdiction to hear this appeal. *DeAnzona v. City & County of Denver*, 222 F.3d 1229, 1233 (10th Cir. 2000) ("If the defendant argues that [he] is entitled to qualified immunity under the plaintiff's version of the facts because the plaintiff has not demonstrated a violation of clearly established law, this Court may properly exercise jurisdiction over an interlocutory appeal").

"This court reviews the denial of qualified immunity on summary judgment *de novo*." *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998). Summary judgment is ultimately appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Oliver v. Woods*, 209 F.3d 1179, 1184 (10th Cir. 2000). The evidence is viewed, and reasonable inferences are drawn from the evidence, in the light most favorable to the nonmoving party. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir.1998).

This court, however, "reviews summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions" because of the purposes behind qualified immunity. *Holland v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511,

526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id*.

Once a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff. *Scull v New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000). The plaintiff must show that (1) the official violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established when the alleged violation occurred. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). If the plaintiff does not satisfy either portion of the two-pronged test, the Court must grant the defendant qualified immunity. *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

**III.**

Verdecia contends that defendants Collado and Felz placed him in danger of attack and serious harm at the hands of his cell mates by placing him in a cell with members of the Latin Kings. Verdecia alleges that Collado and Felz incarcerated him under conditions posing a substantial risk of serious harm, due to the prior incidents between Cuban inmates and members of the Latin Kings.

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted, alteration in original). The deliberate indifference of a prison official

"to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*. at 828. To establish a cognizable Eighth Amendment claim for failure to protect, the plaintiff "'must show that he is incarcerated under conditions posing a substantial risk of serious harm' the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id*. at 836-37.

Verdecia alleges that Collado and Felz should have been aware that the placement of a Cuban in a cell with two members of the Latin Kings constituted an excessive risk to his safety. Verdecia contends that Collado and Felz ignored

-7-

the fact that prior to his assault there were two incidents of violence between Latin King inmates and Cuban inmates in the federal prison system. Defendants Collado and Felz argue that these prior altercations are insufficient to show that they were subjectively aware of a substantial risk of serious harm to Verdecia or that they were deliberately indifferent to that risk. Defendants Collado and Felz argue that the previous stabbing at USP-Florence was investigated and determined to be an isolated, non-gang-related incident.

Even if the conclusion Felz drew from his investigation was erroneous or negligent, it does not rise to the level of an Eighth Amendment violation based on deliberate indifference. Deliberate indifference requires more than a showing of simple or heightened negligence. *Board of County Commrs. v. Brown*, 520 U.S. 397, 407-10 (1997); *see Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Verdecia must do more than establish that Collado and Felz should have known of the risk of harm. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). To establish deliberate indifference, Verdecia must present evidence supporting an inference that Collado and Felz actually knew about a substantial risk of serious harm to his safety. *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 (10th Cir. 2001). Deliberate indifference requires that the defendant's conduct is "in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow," or that the conduct "disregards a known or obvious risk that is very

likely to result in the violation of a prisoner's constitutional rights." *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 (10th Cir. 1990). The mere showing of simple, or even heightened, negligence does not establish that Collado and Felz were subjectively aware of the risk. Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Craig*, 164 F.3d at 495. This awareness requirement exists because "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment" in a manner that violates the Eighth Amendment. *Farmer*, 511 U.S. at 844.

Even when taking Verdecia's version of the facts in the light most favorable to him, the facts are insufficient to establish deliberate indifference. Verdecia presents no allegations, nor evidence, that Felz and Collado subjectively knew of the risk to Verdecia or that they were deliberately indifferent to the risk. Rather, Verdecia appears to argue that Felz and Collado were negligent in assessing the risk. Verdecia contends that defendants should have been aware that the placement of a Cuban in a cell with two members of the Latin Kings constituted an excessive risk to his safety. However, Verdecia does not establish that Collado and Felz were subjectively aware that the placement of a Cuban in a cell with two members of the Latin Kings was a risk to his safety.

There is no evidence that Felz knew Verdecia was Cuban, or that Felz knew that Verdecia had been housed in a cell with members of the Latin Kings. Although Verdecia gave his case manager a transfer form directed to the attention of Felz, and which indicated that Verdecia feared an attack from his cell mates, there is no evidence that Felz received the transfer form before Verdecia was attacked. In addition, Felz specifically investigated one of the prior altercations and, based on his investigation, concluded that it was an isolated one-on-one fight between two inmates and was not gang-related.

Collado was aware of Felz's investigation and of its results and Felz's conclusion that the altercation was not gang-related. Verdecia states that he spoke to Collado and asked him to get him out of his cell in the Special Housing Unit, but there is no evidence that Verdecia explained the reason for his requested transfer. Verdecia has presented no evidence to support a finding that Collado and Felz subjectively drew an inference that was contrary to the findings and conclusion of Felz's prior investigation.

Verdecia has presented facts from which the inference could be drawn that a substantial risk of serious harm exists, but he has failed to establish that Collado and Felz actually drew such an inference. Absent subjective awareness and knowledge of the risk, Collado and Felz cannot be found to have inflicted punishment in a manner that violates the Eighth Amendment.

Additionally, the magistrate judge appears to have applied a negligence standard when considering whether genuine issues of material fact existed, by concluding: "Although Felz may escape liability if the jury instead concludes that Felz's response to the Pena-Colone incident was reasonable in light of his conclusion that the Pena-Colone incident was an isolated incident of retaliation, that is a factual issue which cannot be resolved on summary judgment." Aplt. App. at 142. The implication of this statement is that Felz could be held liable if the jury concludes that his conclusion or response was unreasonable. However, a finding of unreasonableness is merely a finding of negligence and not deliberate indifference. Deliberate indifference requires more than a finding of negligence. *Board of County Commrs. v. Brown*, 520 U.S. 397, 407-10 (1997); *see Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Absent actual subjective awareness of the risk, Felz and Collado cannot be deliberately indifferent to the risk. *Craig*, 164 F.3d at 495.

The failure of Felz and Collado to alleviate a potential risk that should have been perceived, but was not, does not satisfy the deliberate indifference standard of the Eighth Amendment. *Farmer*, 511 U.S. at 838. Accordingly, Verdecia cannot establish that Felz's and Collado's actions violated a federal constitutional right or statutory right. Because Verdecia cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity. *Gross*, 245

F.3d at 1156.

## IV.

For the above reasons, the order of the district court denying summary judgment in favor of defendants is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.