**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT JONES,

      Plaintiff-Appellant,

v.

RICHARD BERNARD, KEVIN
SCHWINN, and John Does 1-10,

      Defendants-Appellees.

No. 02-1349
(D.C. No. 00-Z-662 (MJW))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TYMKOVICH** , **HOLLOWAY** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff, a federal prison inmate, appeals the district court's dismissal of

his civil rights action, brought pursuant to *Bivens v. Six Unknown Named Agents*

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). The defendants in the action were fellow inmate Bernard, prison guard Schwinn, and John Does 1-10. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Our review of the dismissal of plaintiff's action under Rule 12(b)(6) is de novo. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We must accept as true all of plaintiff's well-pleaded allegations, and we must construe them in the light most favorable to him. *Ford v. West*, 222 F.3d 767, 771 (10th Cir. 2000). However, allegations conclusory in nature, without supporting facts, are insufficient to survive a motion to dismiss. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

**Background**

In his complaint, plaintiff alleged the following facts in support of his claims. He is an African-American inmate in the custody of the Federal Bureau of Prisons in Florence, Colorado. On April 29, 1998, he was taken from his cell by defendant Schwinn, a guard at the prison, for the purpose of going to the exercise yard. Plaintiff was strip-searched in accordance with prison policy and placed in an enclosed area called a sally-port, which is a small room with locked bars behind the inmate and a locked door in front of the inmate leading to the

-2-

exercise yard. After the door was locked behind plaintiff, defendant Schwinn gave the command to the door officer to unlock the door leading to the exercise yard. When that door opened, defendant Bernard, a white inmate and alleged member of a prison gang known as "Aryan Brothers," ran up to plaintiff and attacked him with a razor blade. Plaintiff and Bernard engaged in hand-to-hand combat for several minutes before other inmates broke up the fight. Plaintiff required sutures for his wounds.

Plaintiff alleged three causes of action against the defendants: assault against inmate Bernard; violation of his Eighth Amendment right to be free from cruel and unusual punishment against Schwinn and the John Doe defendants; and failure to adequately train or supervise against the John Doe defendants. Specifically, plaintiff, claimed that Schwinn knew Bernard was going to attack plaintiff or that he acted with reckless disregard for plaintiff's safety in ordering the second door opened, because "it is well known" at the prison "that if an Aryan Brother is placed in a confined space with an African-American inmate, a violent confrontation will almost certainly ensue." Aplt. App. at 3. Plaintiff also contended the John Does, with deliberate indifference to plaintiff's rights, failed to adequately supervise and control defendant Schwinn in violation of plaintiff's

-3-

Fifth and Eighth Amendment rights.    *Id.* at 4-5.  Plaintiff sought declaratory and monetary relief. [1]

Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The magistrate judge recommended dismissing the action under Rule 12(b)(6) for failure to state a claim.  The district court adopted the recommendation and dismissed the action.  This appeal followed.

## Discussion

To establish a failure to protect claim under the Eighth Amendment, it was necessary for plaintiff to allege specific facts showing he was incarcerated under conditions posing a substantial risk of serious harm, the objective component of the claim, and that Schwinn was deliberately indifferent to plaintiff's safety, the subjective component of the claim.    *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003).  The Supreme Court has defined the deliberate indifference standard as equating to "'recklessness,' in which 'a person disregards a risk of harm of which he is aware.'"    *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)).  Deliberate indifference requires more than a showing of simple, or even heightened, negligence.    *Id.*

---

[1]    Although not so pleaded, the claim against defendant Bernard for assault obviously arises under state law.

-4-

The facts as alleged by plaintiff fail to demonstrate the existence of a known or obvious risk except in the most conclusory of terms. That plaintiff is black and his attacker white is insufficient to create an obvious risk. There is no allegation that defendant Schwinn knew of inmate Bernard's alleged membership in the Aryan Brotherhood prison gang or that Bernard (or anyone else) had threatened or was waiting to attack plaintiff. Plaintiff's more serious charge against Schwinn, i.e., that Schwinn "intentionally for his own sick entertainment, or (at best) with deliberate indifference to a substantial risk of danger, orchestrated a 'cock fight' between two inmates of rival groups," Aplee. Supp. App. at 36, did not surface as an argument until plaintiff objected to the magistrate judge's recommendation. This new allegation is equally speculative and conclusory, as is plaintiff's claim that "placing [an] African American in a confined space with an Aryan Brother is almost certain to cause a violent confrontation." *Id.* at 42. Prison is by its nature a confined space. This is not a situation in which prison officials knew of and ignored a serious risk of harm, for instance, from a prisoner's cellmate, with whom he might be locked up in close quarters. Rather, the incident occurred in the exercise yard with numerous other inmates present.

Nor are sufficient facts pleaded to support a claim against the John Does for failure to train or supervise defendant Schwinn. Finally, plaintiff appears to

-5-

have abandoned his state law claims against defendant Bernard, at least for purposes of this appeal.

We have carefully considered plaintiff's arguments and find them to be without merit. Accordingly, for these and substantially the reasons stated by the magistrate judge in his recommendation and the district court in its order of dismissal, the judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge