**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK EDWIN JONES,

      Plaintiff - Appellant,

v.

JEREMY CANNON, JENNIFER
COLLISON, and WOODWARD
COUNTY JAIL,

      Defendants - Appellees.

No. 14-6090
(D.C. No. 5:13-CV-00302-C)
(W.D. of Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Mark Jones brought a *pro se*[1] 42 U.S.C. § 1983 action alleging Eighth and

Fourteenth Amendment violations by Oklahoma's Woodward County Jail (WCJ)

and two WCJ employees, Jeremy Cannon and Jennifer Collison. The court

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Consequently, we have construed his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

granted summary judgment to the defendants because Jones had failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). In the alternative, the court granted each defendant's motion to dismiss because Jones's complaint failed to state a claim. Jones appealed.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.[2]

## I. Background

In August 2011, Jones and five other men were in a five-man cell at WCJ. Defendants Cannon and Collison brought an intoxicated Cory Wright to the cell. Jones alleges that he blocked the cell door and told Cannon and Collison that he did not want a drunken individual in the cell. Jones acknowledges that Collison and Cannon told him that this placement would be only temporary. Cannon and Collison nevertheless placed Wright in the cell, at which point Jones alleges Wright immediately attacked him. Cannon and Collison returned to find Wright lying beaten on the floor.

---

[2] We only consider Jones's claims against Defendants Cannon and Collison. The magistrate judge concluded that WCJ is not subject to suit because it is a subdivision of Woodward County, and thus lacked any separate legal identity from the County. Because Jones failed to challenge this conclusion on appeal, he has abandoned the argument and thus any claim against WCJ. *See Conroy v. Vilsack*, 707 F.3d 1163, 1170 (10th Cir. 2013).

Subsequently, Jones was charged with aggravated assault and battery of Wright and pleaded no contest to misdemeanor assault and battery in January 2012.[3]

In March 2013, Jones submitted three grievances to the Woodward County sheriff. His March 20 grievance complained that WCJ had improperly classified him as a violent person. His March 22 grievance claimed that placing Wright in the cell violated Jones's constitutional rights, and requested the expungement of the misdemeanor assault conviction. His March 25 grievance reiterated his classification complaint and threatened to sue regarding Wright's placement in the cell. On March 29, having only received a response to his March 20 grievance, Jones sued WCJ, Cannon, and Collison, alleging that the August 2011 incident violated his Eighth and Fourteenth Amendment rights.

The magistrate judge recommended granting summary judgment to all defendants because Jones failed to exhaust administrative remedies. In the alternative, he recommended dismissing the complaint for failure to state a claim. The district court adopted the recommendation. Jones now appeals that decision.

## II. Standard of Review and Discussion

De novo review applies to summary judgment grants under Federal Rule of Civil Procedure 56 and to dismissals for failure to state a claim under Federal

---

[3] The magistrate judge judicially noticed this fact pursuant to Federal Rule of Evidence 201(b)(2).

Rule of Civil Procedure 12(b)(6). *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012) (FRCP 56); *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (FRCP 12(b)(6)).

### A. *Summary Judgment for Failure to Exhaust Administrative Remedies*

The district court properly granted summary judgment. The PLRA bars prisoner suits regarding prison conditions if the prisoner has failed to exhaust the prison's administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211–212 (2007). Failure to exhaust is an affirmative defense, which can support a grant of summary judgment. *See Bock*, 549 U.S. at 212.[4] A prisoner has not exhausted remedies if he initiates but fails to complete the grievance process. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Prisoners must follow each step of the prison's guidelines. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

WCJ's grievance process is straightforward. *See* R., Vol. I at 63 (grievance process). A prisoner must first deliver his grievance in writing to a jailer, who must deliver it to the jail administrator. The administrator must then investigate the complaint, create a written report of findings regarding the complaint, and

---

[4] Only Cannon and WCJ expressly moved for summary judgment on this basis. But Collison's motion to dismiss raised exhaustion, and the judge treated it (permissibly, as we discuss in n.5, *infra*) as a summary judgment motion for this limited purpose. *See Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995) (courts may convert motions to dismiss into summary judgment motions to consider matters beyond the complaint).

then speak with the prisoner after completing the investigation. At that point, if the resolution is unsatisfactory, the prisoner can then submit a written complaint to the County sheriff or captain, who will then review the prisoner's complaint and hear any information relevant from the prisoner himself. The sheriff or captain must then decide whether a corrective plan is necessary and create an implementation plan with the jail administrator.

Jones does not dispute that he filed his complaint before receiving a response to two of his three grievances. Nor does he dispute that he sent his complaints directly to the sheriff without first submitting them to a jailer. Neither action complied with WCJ's grievance process.

Jones claims that he followed the only administrative steps available to him. But he clearly did not take the available step of waiting for a response to his last two complaints (or, indeed, the available step of first sending his complaints to the jailer, as the process prescribed). He alternatively claims that the grievance process was inadequate. Yet he provides nothing beyond the bare assertion of inadequacy to support that claim. Moreover, even when "available remedies would appear to be futile," a prisoner must nevertheless exhaust those remedies. *Jernigan*, 304 F.3d at 1032 (internal quotation marks omitted).

In short, Jones inexcusably failed to exhaust his remedies, and summary judgment was appropriate.

*B.  FRCP 12(b)(6) Dismissal for Failure to State a Claim*

Even if Jones had exhausted administrative remedies, his complaint failed to state a claim on which relief could be granted.

No facts in the complaint suggest that an Eighth Amendment claim is plausible.  The Eighth Amendment requires prison staff to "protect prisoners from violence at the hands of other prisoners."  *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003).  But a plaintiff in such a case must show two things: that he was "incarcerated under conditions posing a substantial risk of serious harm," and that a prison official was "deliberately indifferent to his safety."  *Id.*  To show deliberate indifference, the plaintiff must prove that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that the official did in fact draw that inference.  *Id.*

We see nothing indicating a substantial risk of serious harm.  There is no "precise definition" of the concept.  *Grimsley v. MacKay*, 93 F.3d 676, 681 (10th Cir. 1996).  But examples include alleged disregard of "repeated warnings of danger to a particular prisoner" and continual refusal to "make the situation safer," *id.*, or alleged failure to protect a prisoner from sexual predators who have targeted him, *Howard v. Waide*, 534 F.3d 1227, 1237 (10th Cir. 2008), or alleged failure to take appropriate steps to prevent prison guards from sexually assaulting inmates, *Tafoya v. Salazar*, 516 F.3d 912, 915–917 (10th Cir. 2008).

This case does not meet those examples. The temporary placement of a drunken inmate in a minimally overcrowded cell as alleged here does not plausibly allege deliberate indifference. In fact, Jones fails to allege any real injury from that placement. As far as we can tell, the only negative consequence for him was his plea of no contest to assault and battery based on *his* attack on the drunken inmate.

For the same reasons, Jones failed to allege facts that could plausibly support a Fourteenth Amendment claim. Jail policies and regulations will not create a "liberty interest in the conditions of confinement" unless they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Estate of DiMarco v. Wyo. Dept. of Corrections, Div. of Prisons*, 473 F.3d 1334, 1339 (10th Cir. 2007). We see no atypical and significant hardship here. At worst, Jones was briefly housed in a five-man cell with six other men, one of whom was drunk and allegedly instigated a fight.

Consequently, the district court appropriately dismissed the complaint for failure to state Eighth and Fourteenth Amendment claims.

*C. Other Claims*

Jones also challenges WCJ and Cannon's submissions of motions to dismiss or in the alternative for summary judgment. But courts may treat Rule 12(b)(6) motions as motions for summary judgment if they raise matters outside the pleadings. *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006).

Indeed, when motions to dismiss are styled in the alternative (as these were), a court may do so without giving notice to the opposing party. *Id.* There was nothing improper about the form of these motions.[5]

Finally, Jones vaguely alludes to not being allowed access to the county law library. But he presents no facts supporting that claim, and we will not "supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

---

[5] To be sure, Collison's Rule 12(b)(6) motion was not styled in the alternative, and the district court treated it as a motion for summary judgment for the limited purpose of considering Collison's exhaustion argument. When a court converts a motion to dismiss that is not styled in the alternative, it must "notify the parties of the conversion so that they may present all materials made relevant" by the conversion. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002). The district court did notify Jones that motions to dismiss "*may* be converted" to summary judgment motions when they are supported by affidavits or other documentary evidence. R., Vol. I at 115 (emphasis added). But the court did not notify Jones that it would actually be converting *Collison's* motion until it did so in its Report and Recommendation. *Id.* at 206. Even assuming this was improper, it does not require reversal unless the failure to notify prejudiced Jones. *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713–14 (10th Cir. 2005). Jones was not prejudiced because he was fully aware of the need to present information to combat the exhaustion defense—after all, that defense was raised by both WCJ and Cannon in their alternatively-styled motions. Moreover, Jones's claim against Collison was subject to dismissal for failure to state a claim, as discussed above.

# III. Conclusion

For the above reasons, we AFFIRM the district court's grant of summary judgment to all defendants. In the alternative, we AFFIRM the district court's dismissal of Jones's complaint for failure to state a claim on which relief could be granted. Because we find that this appeal was not taken in good faith, we DENY his request to proceed *in forma pauperis* on appeal. We remind Jones of his obligation to pay his filing fee in full.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge