**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ASHLEY NICOLE NORMAN,
personal representative of the Estate
of Rebecca Lee Dewitt Gould,

Plaintiff - Appellant,

v.

STEVE RANDOLPH, individually and in
his capacity as Sheriff of Major County,
Oklahoma; SAM SAEGER, individually
and in his capacity as Deputy Sheriff or
Undersheriff of Major County,
Oklahoma,

Defendants - Appellees.

No. 14-6109
(D.C. No. 5:11-CV-00290-M)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Ms. Rebecca Lee Dewitt Gould committed suicide on Sunday, March 15,

2009, while she was a prisoner of the State of Oklahoma. Ms. Norman, Ms. Gould's

---

\*      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

daughter and the personal representative of her estate, sued defendants under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to Ms. Gould's serious medical needs in violation of her Eighth Amendment rights.[1]

The district court granted summary judgment in favor of defendants Steve Randolph, the Sheriff of Major County, and Sam Saeger, the Major County Jail Administrator, because Ms. Norman had not offered facts essential to establishing a constitutional violation. The court denied her subsequent motion for new trial or, in the alternative, to reconsider for two reasons: (1) there had been no trial, so Fed. R. Civ. P 59(a) was inapplicable, and (2) there were no grounds to grant a motion to alter or amend the judgment under Rule 59(e). Ms. Norman appeals from the district court's grant of summary judgment in favor of defendants and the denial of her motion to reconsider.

The undisputed facts show that Ms. Gould was arrested and booked into the Major County Jail on March 5, 2009. It held up to nineteen inmates. On Saturday, March 14, she began exhibiting loud, abnormal behavior and would not calm down. Deputy Saeger informed Sheriff Randolph, who was not at the jail. They agreed that Ms. Gould should be taken to the hospital for evaluation. The doctor who examined her on the evening of March 14 thought that she was having periodic paranoid delusions, but he did not believe that she was a suicide risk. After consulting a

---

[1] Defendant Solomon Ali, M.D. was never served and was dismissed without prejudice. He is not a party to this appeal.

mental health facility for confirmation of his opinion, he prescribed medication to treat her agitation and psychosis until she could be seen by a local mental health professional on the following Monday. He did not send any instructions to the jail other than the prescription.

Ms. Gould was returned to the jail after midnight on the morning of March 15. Deputy Saeger made hourly inmate checks during the day. A trustee at the jail stated that Ms. Gould was crying off and on, but Deputy Saeger stated that he observed her to be quiet throughout the day, including when he brought her medications at 6:00 p.m. and when he checked the cells at 8:06 p.m. At approximately 8:30 p.m., either the assistant police chief or Sheriff Randolph, who were both at the jail, noticed on the video monitor that Ms. Gould had put up a sheet across the side of her cell. Deputy Saeger told them that was not uncommon when a female inmate wanted to take a shower at the back of her cell. When he realized after a couple of minutes that he did not hear water running, however, he immediately checked and found that Ms. Gould had hung herself on the bars of her cell. She was cut down and transported by ambulance to the hospital, where she was pronounced dead.

Ms. Norman argues that the district court erred: (1) in granting summary judgment to Deputy Saeger in his individual capacity; (2) in granting summary judgment to Sheriff Randolph in his individual capacity; (3) in granting summary judgment to both defendants in their official capacities; and (4) in denying her motion for reconsideration. We find no error.

- 3 -

"We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011). A summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Twigg*, 659 F.3d at 997. If a defendant moving for summary judgment carries his initial burden to point out an absence of evidence supporting the plaintiff's claim, the burden shifts to the plaintiff to produce evidence demonstrating that there is a genuine issue of material fact to be tried. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). We review the district court's denial of a motion to reconsider under Rule 59 for abuse of discretion. *See Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 789 (10th Cir. 2013).

"[C]laims based on a jail suicide are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody." *Barrie v. Grand Cnty.*, 119 F.3d 862, 866 (10th Cir. 1997).

> A claim of deliberate indifference [to serious medical needs] includes both an objective and a subjective component. The objective prong of the deliberate indifference test examines whether the prisoner's medical condition was sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause. The subjective prong examines the state of mind of the defendant, asking whether the official knew of and disregarded an excessive risk to inmate health or safety.

- 4 -

*Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014) (citations omitted) (brackets omitted) (internal quotation marks omitted).

Viewing the facts in the light most favorable to Ms. Norman, Deputy Saeger is not liable in his individual capacity because the subjective component of deliberate indifference is not satisfied:  Ms. Norman did not produce evidence showing that Deputy Saeger knowingly disregarded a risk of suicide.  And because Ms. Norman failed to produce evidence showing a constitutional violation, Sheriff Randolph cannot be held liable as a supervisor.  *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (holding that a defendant-supervisor may be found liable if "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation").  Although Sheriff Randolph was potentially liable for his "personal involvement in the alleged constitutional violation" in any event, *id.* at 1195, his direct, personal involvement in these events was limited to agreeing that Ms. Gould should be examined at the hospital and later observing on a jail monitor that a sheet was draped across the bars of her cell.  Finally, because Ms. Norman failed to produce evidence showing a constitutional violation, there is also no official liability.  *See Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1223 (10th Cir. 2006) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." (internal quotation marks omitted)).  The district

court therefore appropriately granted summary judgment in favor of defendants and did not abuse its discretion in denying the subsequent motion to reconsider.

The events alleged in this case are tragic, but we are bound to follow the stringent proof requirements of § 1983 law. Even if defendants had violated some purported "ethical and moral responsibility to establish policies and procedures that address the factors most associated with suicide deaths," as Ms. Norman asserts, Aplt. Br. at 10, 20, that would not mean that they had violated the Constitution. *See Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir. 2003) (holding that the subjective standard of a deliberate indifference claim equates to the reckless disregard of a known risk).

Affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge