FILED
United States Court of Appeals
Tenth Circuit

March 2, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————————

PAUL ARTHUR LOPEZ,

     Plaintiff - Appellant,

v.

JERRY ROARK; JOE BOOKER; JAMES
FRAWNER; MICHAEL GONZALEZ,

     Defendants - Appellees.

No. 15-2080
(D.C. No. 2:13-CV-00743-JCH-CG)
(D.N.M.)

————————————————————

**ORDER AND JUDGMENT**[*]

————————————————————

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.

————————————————————

After Paul Lopez arrived at the Otero County prison in New Mexico, he sought

placement in the prison protective custody unit and in support of his request gave

Michael Gonzalez (a gang intelligence officer) a list of "enemies" he feared in the

general prison population.  In response, the prison provisionally acceded to

Mr. Lopez's placement request pending an investigation by the New Mexico Security

Threat Intelligence Unit (STIU).  Ultimately, STIU informed the prison that it

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

thought Mr. Lopez should be housed in the general population and soon Mr. Lopez found himself transferred there. Later, Mr. Lopez was injured in a fight with David Sisneros, a prisoner who, it turns out, wasn't on his enemies list. Then, shortly after Mr. Lopez filed a grievance against prison officials related to the fight, he failed a drug test administered by Mr. Gonzalez. In response, Mr. Lopez filed this lawsuit alleging that James Frawner (the prison's warden) and Mr. Gonzalez violated his constitutional rights by housing him with the general prison population and retaliating against him for filing his grievance. Ultimately, the district court granted summary judgment for the defendants and it's this ruling Mr. Lopez now asks us to review.[1]

Though mindful of our duty to construe Mr. Lopez's pro se arguments liberally, we can discern no reversible error here. To succeed on his primary claim under the Eighth Amendment, Mr. Lopez must show (among other things) that the defendants were deliberately indifferent to his safety. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). But the record before us shows that the defendants didn't disregard Mr. Lopez's safety concerns and instead took them seriously enough to refer them to the state's experts who studied and ultimately found them wanting. Neither was Mr. Sisneros on the list of "enemies" Mr. Lopez warned the defendants about and the

---

[1] Before ruling on summary judgment for Messrs. Frawner and Gonzalez, the district court dismissed sua sponte all claims against two other defendants, Jerry Roark and Joe Booker, for failure to state a claim under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6). Mr. Lopez's perfunctory argument in his opening appeal brief challenging this dismissal order is, however, insufficient to permit our appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

record reveals no connection between Mr. Sisneros and anyone who was on that list. These facts simply are not sufficient as a matter of law to establish a triable question of deliberate indifference. *See, e.g., Verdecia v. Adams*, 327 F.3d 1171, 1176 (10th Cir. 2003) (finding prison officials were not deliberately indifferent to a prisoner's risk of gang-related harm where they investigated an altercation involving the prisoner and found no evidence it was gang related).

Mr. Lopez's First Amendment claim is premised on the theory that the defendants retaliated against him for filing his administrative grievance by finding him guilty of a drug infraction. But "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process *and* there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction." *O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011). And the record before us shows that Mr. Lopez was afforded considerable process before being found guilty of his drug infraction. Mr. Lopez's remaining claims, that his due process and equal protection rights were also violated, are insufficiently developed to permit us to review them meaningfully and from what we do have before us we can discern no error in the district court's disposition. *See Murrell*, 43 F.3d at 1389 n.2; Fed. R. App. P. 28(a)(8)(A) (requiring citations to the parts of the record the appellant relies on).

Separately, Mr. Lopez challenges the district court's denial of his motion for leave to amend his complaint. But his motion to that court did not include a proposed amended complaint as required by the local rule. *See* D.N.M.LR-Civ. 15.1.

Finally, Mr. Lopez shows error neither in the district court's denial of his motion for appointment of counsel nor in its denial of his motion to expand the record.

The district court's judgment is affirmed. We grant Mr. Lopez's motion to proceed on appeal without prepayment of fees and costs, but he is reminded of his obligation to make partial payments until the fee has been paid in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge