FILED
United States Court of Appeals
Tenth Circuit

October 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL P. NELDER,

      Plaintiff - Appellant,

v.

KELLY WORLEY,

      Defendant - Appellee.

No. 15-4048
(D. Utah)
(D.C. No. 2:12-CV-00245-DB)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BALDOCK**, Circuit Judges.

Plaintiff Michael P. Nelder is an inmate at Central Utah Correctional Facility

(CUCF). Proceeding pro se, he filed suit under 42 U.S.C. § 1983 in the United States

District Court for the District of Utah, asserting Eighth Amendment and due-process

claims arising from his designation by defendant Kelly Worley, a sergeant at CUCF, as a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited
for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

suspected Juggalo gang member. He appeals the district court's grant of summary judgment to Worley.[1] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Worley interviewed Nelder to determine whether he had gang relationships. Although Nelder maintains that he told Worley he was not a Juggalo, but was friends with Juggalos, Worley categorized Nelder as a suspected Juggalo for his prison records. As a result, he was transferred to a segregated housing unit with other suspected and known Juggalos. Other than designating Nelder a suspected Juggalo, Worley had no role in determining his security classification or housing assignment. According to Nelder, within two months of his being moved to segregation, a Juggalo gang member assaulted him because he was not a Juggalo. Nelder did not report this assault to officials because he feared retaliation by the Juggalos.

On appeal Nelder argues that his suspected-Juggalo classification amounted to "guilt by association" and violated his Fifth and Fourteenth Amendment due-process rights. He stresses that his due-process claim "isn't about housing, it's about being wrongfully classified as a Juggalo." Aplt. Br. at 4. He also argues that his placement in segregation was cruel and unusual punishment in violation of the Eighth Amendment

---

[1] Nelder's brief also names Steve Turley and A.C. Bigelow as appellees. They were both named as defendants in Nelder's original complaint; but they were omitted from his amended complaint. "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation marks omitted). Nelder therefore has no pending claim against Turley and Bigelow, and he has no right to relief against them on appeal.

because Worley should have known that he would be subject to assault by Juggalo gang members if placed in segregation.

We review the district court's grant of summary judgment de novo, "applying the same standards that the district court should have applied." *Schanzenbach v. Town of Opal,* 706 F.3d 1269, 1272 (10th Cir. 2013) (internal quotations marks omitted). Summary judgment is appropriate if the pleadings and record show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011).

We affirm the rejection of Nelder's due-process claim. The Due Process Clause protects against the denial of "life, liberty, or property." U.S. Const. amend. XIV, § 1. But Nelder complains only about his classification as a gang member, not his housing. And being labeled does not, in itself, deny a person either liberty or property. *See Paul v. Davis*, 424 U.S. 693, 708–709 (1976) (defamation by the government, alone, does not deprive one of a protected liberty interest).

We also affirm the denial of Nelder's Eighth Amendment claim. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (ellipsis and internal quotation marks omitted). But "[b]ecause only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, a prison official must act with deliberate indifference to inmate health or safety to violate the inmate's constitutional rights." *Castillo v. Day*, 790 F.3d 1013, 1020 (10th Cir. 2015) (internal quotation marks omitted). "Deliberate indifference

has both an objective and a subjective component." *Id.* To prevail on the objective component, the prisoner must show that the harm he suffered "was sufficiently serious." *Id.* "To prevail on the subjective component, the prisoner must show that the defendant knew the prisoner faced a substantial risk of harm and disregarded that risk." *Id.* at 1021 (brackets and internal quotation marks omitted). Nelder's claim fails on the subjective prong. "[A] prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (internal quotation marks omitted). But there is no evidence in the record that Worley had knowledge of an actual threat to Nelder's safety.

We AFFIRM the district court's judgment and GRANT Nelder's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge