**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK T. VERNON,

     Plaintiff - Appellee,

v.

ELDON DICKSON; BRYON
BLANKENSHIP,

     Defendants - Appellants,

and

COUNTY OF KINGFISHER;
DENNIS BANTHER; BARRY
RILEY; JUSTIN CONNER;
VERONICA OROZCO,

     Defendants.

No. 16-6299
(D.C. No. 5:11-CV-00815-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **McHUGH**, Circuit Judges.

---

     Mark Vernon sued Kingfisher County, Oklahoma, its Sheriff and Sheriff's

Department, and several jail employees and legal officials under 42 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

§ 1983, alleging that they violated his constitutional rights during his incarceration in Kingfisher County jail. Vernon, charged with child molestation, claims defendants failed to protect him from other inmates' violent attacks and even encouraged attacks. The district court denied Deputy Bryon Blankenship and Undersheriff and Jail Administrator Eldon Dickson qualified immunity on Vernon's failure-to-protect claims. Blankenship and Dickson appeal. Lacking jurisdiction, we dismiss this appeal.

I

We first recount the facts in the light most favorable to Vernon. See Tolan v. Cotton, __U.S.__, 134 S. Ct. 1861, 1865 (2014) (per curiam).

On November 5, 2010, Vernon was arrested on child molestation charges and booked into Oklahoma's Kingfisher County jail. During Vernon's eight months' incarceration there, fellow inmates attacked him in November 2010, and January, February, and May 2011. He sustained increasingly serious injuries, including a black eye, knocked out teeth, and a fractured arm and cut forehead. Critical to this appeal, Vernon testified that he heard Blankenship, on December 17, 2010, and within earshot of Dickson, ask an inmate who had previously attacked Vernon, "Have you worked over the chomos [child molesters] yet?" App. at 567. Vernon also heard Blankenship tell other inmates "to work over chomos." Id.

Vernon was convicted of child molestation and, on July 13, 2011, received

multiple life sentences. On September 1, 2011, Vernon was released from the jail to the state's Department of Corrections. Later, the Oklahoma Court of Criminal Appeals reversed his conviction.

On July 18, 2011, Vernon filed this action under 42 U.S.C. § 1983, alleging Kingfisher County, its Sheriff, and jail and law enforcement officials violated his Fourth, Fifth, Sixth, and Eighth Amendment rights. On October 10, 2014, multiple defendants filed for summary judgment, raising, among other defenses, failure to exhaust and qualified immunity. The district court dismissed all claims except for the Eighth Amendment failure-to-protect claims against Blankenship and Dickson. Blankenship and Dickson timely appeal the denial of qualified immunity on this claim.

## II

As is our usual approach, we must first address whether we have jurisdiction over this appeal. Generally, a denial of summary judgment is not immediately appealable. There is a narrow exception that allows for appeal of an order denying qualified immunity before trial, but only if the appeal involves "neat abstract issues of law." Johnson v. Jones, 515 U.S. 304, 317 (1995) (quotation omitted). This exception does not extend to questions of evidentiary sufficiency, "i.e., which facts a party may, or may not, be able to prove at trial." Id. at 313. But, if we are asked to determine "nothing more than whether the evidence could support a finding that particular conduct occurred," we do not

3

have jurisdiction.  Behrens v. Pelletier, 516 U.S. 299, 313 (1996).

In denying defendants' qualified immunity defense, the district court first ruled that Vernon's constitutional right to be protected from violence at the hands of other inmates, when prison officials know there is a substantial risk of serious harm, is clearly established.  Vernon v. Slabosky, No. CIV-11-0815-HE, 2016 WL 4775739, at *2 (W.D. Okla. Sept. 14, 2016) (citing Castillo v. Day, 790 F.3d 1013, 1020 (10th Cir. 2015)).  The court further ruled that this knowledge can be inferred when complaints of serious attacks, in light of other background circumstances (here, an inmate being held on charges of child molestation), make the risk of harm obvious.  Id. at *2 (citing Howard v. Waide, 534 F.3d 1227, 1238 (10th Cir. 2008)).  The court also concluded Vernon had produced evidence that the harm he suffered was sufficiently serious, id. at *3, and that Blankenship and Dickson knew of the substantial risk of harm, but either disregarded the risk, or failed to take reasonable measures to abate it.  Id.; see also Castillo, 790 F.3d at 1020–21.  The court cited Vernon's testimony that he was targeted for assault because he was accused of child molestation, that he suffered injuries in those attacks, and that Blankenship encouraged other inmates to attack Vernon. Vernon, 2016 WL 4775739, at *3.  Vernon also testified that Dickson knew of Vernon's attacks and of Blankenship's involvement in the attacks.  Id.  The district court concluded that this evidence, when viewed in the light most favorable to Vernon, was sufficient to create a justiciable question of whether Blankenship and

4

Dickson knew of a substantial risk of serious harm to Vernon, but failed to take appropriate steps and to protect him. Id.

On appeal, Blankenship and Dickson assert, *inter alia*, that the district court found certain facts that were blatantly contradicted by the record. Blankenship and Dickson argue how their view of the facts surrounding Vernon's assault and their knowledge of those assaults differ greatly from Vernon's account. Aplt. Br. at 19–22. Blankenship and Dickson could appeal the denial of their qualified immunity defense if they were to argue that, even if Vernon's allegations were accepted as true, there was no violation of clearly established law. See Johnson v. Martin, 195 F.3d 1208, 1214–15 (10th Cir. 1999). But here, Blankenship and Dickson have not accepted Vernon's version of the facts as true; rather, they debate the threshold facts Vernon alleges in support of his failure-to-protect claim.

It is true that, in two instances, we have jurisdiction to review a district court's factual findings at summary judgment. We may review what a reasonable jury could find if the trial court "fails to identify the particular charged conduct that it deemed adequately supported by the record"; or if "the version of events the district court holds a reasonable jury could credit is blatantly contradicted by the record." Lewis v. Tripp, 604 F.3d 1221, 1225–26 (10th Cir. 2010) (quotations omitted).

Blankenship and Dickson argue that we have jurisdiction because the facts

5

found by the district court are blatantly contradicted by the record. The record blatantly contradicts a fact if all evidence points to the contrary conclusion. See Henderson v. Glanz, 813 F.3d 938, 950–51 (10th Cir. 2015) (finding the record blatantly contradicted a finding that a defendant knew of an assault risk because all evidence showed he believed a locked door and watchful staff separated the inmate plaintiff and the assailant).

The district court's factual findings regarding Blankenship and Dickson's knowledge of the risk to Vernon and their failure to act to protect him are not blatantly contradicted by the record. They argue that there was no evidence that Blankenship asked more than one inmate to attack fellow inmates accused of child molestation. Vernon, 2016 WL 4775739, at *3 (stating the district court's factual findings). First, whether Blankenship asked or told one or more than one inmate about "working over the chomos" is immaterial; inciting even one inmate to attack Vernon would violate the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1994); Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003). And second, Vernon did testify that he "listened and watched" Blankenship and Dickson tell multiple inmates "to work over chomos," App. at 567, so we cannot conclude that the record blatantly contradicts the district court's findings. By challenging the district court's factual findings and placing us as arbiters of the facts, Blankenship and Dickson's appeal falls outside the jurisdictional limitations articulated in Johnson v. Jones. 515 U.S. at 317.

6

Finally, Blankenship and Dickson argue the law was not clearly established at the time of the alleged constitutional violation because they argue, contrary to the district court's findings, that there is no evidence Blankenship incited other inmates to attack Vernon. Aplt. Br. at 26. Because "our review would require second-guessing the district court's determinations of evidence sufficiency," we lack jurisdiction to address this legal question. Medina v. Cram, 252 F.3d 1124, 1130 (10th Cir. 2001).

III

We DISMISS this appeal for lack of jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge