**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARTHUR JAMES MOORE,

    Plaintiff - Appellant,

v.

LITTLE, Captain; K. ROBERTS,
Case Manager; KYLE ROBERTS,

    Defendants - Appellees.

No. 19-1041
(D.C. No. 1:16-CV-00198-PAB-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

Arthur James Moore, proceeding pro se,[1] appeals from the district court's

decision granting summary judgment in favor of defendants Captain Gary Little and

Lieutenant Kyle Roberts.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

___

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Moore's pro se briefs, but we do not assume the role of his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

I.  Background

Mr. Moore is an inmate in the custody of the Colorado Department of Corrections.  He filed a pro se 42 U.S.C. § 1983 complaint against Capt. Little, Lt. Roberts, and Case Manager Regina Roberts,[2] alleging the defendants violated his constitutional rights while he was incarcerated at the Sterling Correctional Facility (SCF) and the Colorado State Penitentiary (CSP).  Prior to service of the complaint, the district court twice ordered Mr. Moore to file an amended complaint to cure deficiencies.  Mr. Moore filed a second amended complaint on August 4, 2016, which remained the operative complaint for the proceedings in district court.

Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  The district court granted the motion in part and denied it in part.  The court dismissed the Eighth Amendment claims against Case Manager Roberts and Capt. Little related to a food-service issue when Mr. Moore was at SCF.  The court concluded that the remaining claims—a Fourteenth Amendment claim against Capt. Little involving Mr. Moore's transfer from SCF to CSP without notice or a hearing and an Eighth Amendment claim against Lt. Roberts involving the denial of outside exercise at CSP—could proceed.

After discovery, Capt. Little and Lt. Roberts moved for summary judgment on the remaining claims, arguing that there was no evidence they personally participated in the alleged constitutional violations and, alternatively, they were entitled to

_____

[2] The magistrate judge explained that the complaint identified Case Manager Regina Roberts as K. Roberts and R. Roberts.  *See* R. at 240.

qualified immunity.  Mr. Moore, represented by pro bono counsel, responded in opposition to the motion.  The district court granted the motion, concluding that defendants were entitled to summary judgment based on qualified immunity because Mr. Moore failed to show a clearly established liberty interest in avoiding transfer to CSP and he failed to establish that the denial of outdoor exercise for fourteen months violated a clearly established right under the Eighth Amendment.  Mr. Moore's pro bono counsel were subsequently granted permission to withdraw from his case and he proceeded pro se with his appeal.

II.  Discussion

"We review a grant of summary judgment de novo, drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party."  *Birch v. Polaris Indus., Inc*., 812 F.3d 1238, 1251 (10th Cir. 2015) (internal quotation marks omitted).[3]  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

A.  *Fourteenth Amendment Claim Against Capt. Little*

In his complaint, Mr. Moore alleged that his due process rights were violated when Capt. Little moved him to a "'Maximum Prison'" overnight without any prison

---

[3] In his appellate briefs, Mr. Moore does not raise any challenge to the district court's decision to grant defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the Eighth Amendment claims against Case Manager Roberts and Capt. Little.  He has therefore waived any issues related to the district court's dismissal of those claims. *See Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

violation against him. R. at 157. He alleged that when he was at CSP from February 2015 until January 2016: (1) the lights stayed on all night; (2) he had limited phone time; (3) "90% of [his] property was taken"; (4) he was subjected to 23 hours of lockdown a day; and (5) "100% (NO) outside yard." *Id*. Mr. Moore did not receive notice or a hearing before he was transferred from SCF to CSP.

"A procedural-due-process claim requires (1) a constitutionally cognizable liberty or property interest, (2) a deprivation of this interest, and (3) a lack of constitutionally adequate notice and a hearing." *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 810 F.3d 1161, 1172 (10th Cir. 2016). In the prison context, an inmate has a protected liberty interest if the restraints or conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In their motion for summary judgment, defendants argued they were entitled to qualified immunity[4] because Mr. Moore's conditions of confinement at CSP did not impose an atypical or significant hardship that would give rise to a protected liberty interest under clearly established law. Mr. Moore argued in response to summary judgment that the five conditions alleged in his complaint, plus restricted access to

---

[4] "When a defendant moves for summary judgment on the basis of qualified immunity, the burden shifts to the plaintiff to demonstrate, on the facts alleged, that (1) the defendant violated [his] constitutional or statutory rights, and (2) the right was clearly established at the time of the alleged unlawful activity." *Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015). "If the plaintiff cannot meet either part of this burden, the defendant is entitled to qualified immunity." *Id*.

indoor exercise, "cumulatively posed an atypical and significant hardship in relation to ordinary incidents of prison life," *id*. at 454.[5]

In its decision, the district court explained:

> Viewed in a light most favorable to [Mr. Moore], the evidence establishes that [he] was subjected to the following conditions at CSP: a "couple days" in solitary confinement upon arrival; access to the day hall at least four hours a day, seven days per week; more restricted opportunities for indoor exercise and phone usage as compared with SCF; deprivation of certain property items; total deprivation of outdoor exercise; and twenty-four-hour-a-day cell lighting.

R. at 729. After analyzing this court's precedent and considering "the *DiMarco* factors"[6] with respect to the conditions Mr. Moore alleged, the district court ultimately concluded that Mr. Moore had "failed to show a clearly established liberty interest in avoiding transfer to CSP." *Id*. at 735. The court therefore concluded that Capt. Little was entitled to qualified immunity on Mr. Moore's Fourteenth Amendment claim.

In his opening brief on appeal, Mr. Moore does not address the district court's analysis of the conditions he alleged in his complaint and re-asserted in his response to summary judgment. Instead, he alleges for the first time that when he was

---

[5] The five conditions Mr. Moore alleged in his complaint remained consistent in his responses to defendants' motions. There was a sixth condition that appeared in response to defendants' motion to dismiss—"Limited canteen," R. at 215, but then in response to defendants' motion for summary judgment, Mr. Moore no longer referenced that condition and instead asserted another condition—restricted access to indoor exercise, *see id*. at 453.

[6] *See Estate of DiMarco v. Wyo. Dep't of Corrs*., 473 F.3d 1334, 1342 (10th Cir. 2007) (identifying relevant factors to consider when determining whether an inmate's confinement in administrative segregation violated a liberty interest).

5

transferred from SCF to CSP, he was not given credit for the 11 months he spent at SCF. Aplt. Op. Br. at 1, 2. He contends he has a protected liberty interest in receiving his earned-time credit from SCF, which entitled him to notice and a hearing prior to his transfer from SCF. *Id*. at 1, 2, 5, 8. Mr. Moore has not cited to any evidence in the record to support his allegation that he failed to receive credit for the 11 months he spent at SCF.

Because Mr. Moore is raising a new argument that is not tied to the allegations in his complaint, but is instead based on a new factual allegation that does not appear in his complaint or in any of his responses to defendants' motions, we will not consider it. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019) ("[W]e will not consider arguments on appeal not tied to the allegations in the complaint[.]"); *United States v. Easter*, 981 F.2d 1549, 1556 (10th Cir. 1992) ("[B]ecause Defendant failed to raise this fact-dependent issue in the court below, he has waived it on appeal, and plain error review does not apply."). Likewise, because Mr. Moore has failed to argue how the district erred in ruling that Capt. Little was entitled to qualified immunity on the due process claim that he did raise in his complaint, we will not consider it. *See Requena,* 893 F.3d at 1205 ("[W]e will not consider claims in the complaint not raised on appeal."); *Anderson*, 422 F.3d at 1174 ("The failure to raise an issue in an opening brief waives that issue."). Under these circumstances, we are constrained to summarily affirm the district court's decision granting summary judgment in favor of Capt. Little.

B. *Eighth Amendment Claim Against Lt. Roberts*

In his complaint, Mr. Moore alleged that Lt. Roberts violated his Eighth Amendment rights by not allowing him outdoor exercise while he was at CSP.[7] "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). "The objective component requires that the alleged deprivation be sufficiently serious." *Id*. (internal quotation marks omitted). "The subjective component requires the jail official to have a sufficiently culpable state of mind. In the context of prison-conditions claims, the required state of mind is one of deliberate indifference to inmate health and safety." *Id*. (citations and internal quotation marks omitted).

In their motion for summary judgment, defendants argued that they were entitled to qualified immunity because "[t]he right to be free from a fourteen-month deprivation [of outdoor exercise] is . . . not clearly established." R. at 357-58. The district court agreed, relying on our recent decisions in *Apodoca v. Raemisch*,

---

[7] Mr. Moore was housed in the Management Control Unit (MCU) at CSP for most of 2015. "[T]he MCU provides an increased level of housing, supervision and control to maintain prison safety and security." R. at 722 (internal quotation marks omitted). During 2015, inmates in the MCU were not provided outdoor exercise opportunities because "CSP's physical plant did not allow for outdoor exercise opportunities" for those inmates. *Id*. at 344, 448.

7

864 F.3d 1071 (10th Cir. 2017), *cert. denied*, 139 S. Ct. 5 (2018) and *Lowe v. Raemisch*, 864 F.3d 1205 (10th Cir. 2017), *cert. denied*, 139 S. Ct. 5 (2018).

In *Apodoca*, we concluded that the defendants were entitled to qualified immunity because "our circuit has not clearly established a right to outdoor exercise over an eleven-month period."  864 F.3d at 1079.  Similarly, in *Lowe*, we determined there was "reasonable debate on the constitutionality of disallowing outdoor exercise for two years and one month."  864 F.3d at 1209.  Because the right was not clearly established, the defendants were entitled to qualified immunity.  *Id*. at 1211.  After discussing these cases, the district court determined that "[t]he deprivation alleged in this case is not materially distinguishable from the constitutional violations asserted in *Lowe* and *Apodoca*" and therefore "for the reasons discussed in those cases, . . . the denial of outdoor exercise for fourteen months did not violate [Mr. Moore's] clearly established rights under the Eighth Amendment."  R. at 738.

The court also considered Mr. Moore's argument that there were several "unique factual elements that support[ed] [his] contention that Defendant Roberts violated a clearly established constitutional right."  *Id*. at 739 (internal quotation marks omitted).  Those facts were:

 (1) prison employees knew that "the abolishment of administrative segregation in 2014 was intended to help inmates by granting them more time out of cell"; (2) prison employees understood that the [Department of Correction's policy] in 2015 and 2016 "was to provide inmates access to outdoor exercise"; (3) prison employees stopped keeping records of inmates' movements in and out of cells after administrative segregation was abolished; and (4) "Housing Supervisors at CSP did not monitor the length of time inmates stayed at CSP without access to outdoor exercise."

8

R. at 739-40 (quoting R. at 460).

The court explained, however, that "[t]he 'unique factual elements' cited in [Mr. Moore's] brief all pertain to the subjective component of his Eighth Amendment claim, namely, whether defendant Roberts consciously disregarded a risk to [Mr. Moore's] health or safety." *Id*. at 740-41. The court further explained that, as in *Lowe*, defendants had moved for summary judgment on "whether the denial of outdoor exercise for a period of fourteen months was sufficiently serious to trigger the protections of the Eighth Amendment under clearly established law."[8] *Id*. at 741. "Because [that] inquiry implicates the objective component of [Mr. Moore's] Eighth Amendment claim," the court concluded that the "'unique factual elements' plaintiff cites are inapposite." *Id*. The court therefore determined that Lt. Roberts was entitled to qualified immunity "[b]ecause [Mr. Moore] . . . failed to establish that the denial of outdoor exercise for a period of fourteen months was sufficiently serious to constitute a violation of [his] clearly established rights under the Eighth Amendment." *Id*. at 742.

On appeal, Mr. Moore argues that Lt. Roberts acted with deliberate indifference because Lt. Roberts told Mr. Moore in response to a grievance that Mr. Moore would only be at CSP for six months and then he would be transferred to

---

[8] In *Lowe*, we explained: "Here the officials do not challenge the evidence on their state of mind; instead, they argue that the alleged denial of outdoor exercise for two years and one month is not sufficiently serious to implicate the Eighth Amendment. This argument involves the objective prong, not the subjective prong[.]" 864 F.3d at 1209.

9

SCF so that he could have access to an outdoor yard. But Lt. Roberts did not transfer Mr. Moore back to SCF after six months. This argument relates to the subjective component of Mr. Moore's Eighth Amendment claim, which the district court never reached. Instead, the court determined that defendants were entitled to qualified immunity based on the objective component of the claim—that the denial of outdoor exercise for fourteen months was not sufficiently serious to constitute a violation of Mr. Moore's clearly established rights. Mr. Moore's argument on the subjective component of his Eighth Amendment claim is insufficient to show that the district court erred in granting summary judgment in favor of Lt. Roberts on this claim.[9] *Cf. Craig*, 164 F.3d at 495 ("To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy *two* requirements, consisting of an *objective and subjective component*." (emphasis added)); *see also Lowe*, 864 F.3d at 1209-10 (discussing separate and distinct analysis when

---

[9] Mr. Moore also contends as part of this argument that the district court ruled against him based on "'Unfair-Facts' when "[t]he court ruled that it is 'undisputed that the plaintiff was 'not' told how long he would be at CSP.'" Aplt. Op. Br. at 6 (underlining omitted). He argues that the response to his grievance "clearly state[s] how long the plaintiff will be at (CSP)—6-months. Therefore, the plaintiff did (not) receive a 'Fair-Ruling.'" *Id*. (underlining omitted). But Mr. Moore stated in his declaration attached to his response to summary judgment: "I was never told how long I would be incarcerated at CSP. I did not learn that I was being transferred out until fourteen months later, on April 26, 2016 when I was transported to [Buena Vista Correctional Facility]." R. at 584 ¶19; *id*. at 452. Because the district court was relying on Mr. Moore's own factual assertions in concluding that it was undisputed that Mr. Moore was not told how long he would be at CSP, we see no basis for his argument that the district court ruled against him based on "unfair facts."

10

considering arguments related to the objective and subjective prongs for an Eighth Amendment claim).

Mr. Moore also argues for the first time that he was entitled to notice and a hearing after his stay at CSP went past six months and he was not moved back to SCF. This is a new due process argument that was never raised in Mr. Moore's complaint or in his response to summary judgment. "We generally do not consider theories raised for the first time on appeal." *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015). "If a newly raised legal theory is entitled to appellate review at all . . . it may form a basis for *reversal* only if the appellant can satisfy the plain error standard of review." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). In Mr. Moore's reply brief, he makes the notation "(Plain error)" next to this argument, *see* Aplt. Reply Br. at 15, but he never actually explains how he can satisfy the elements of the plain error standard of review. Under these circumstances, we decline to consider this new argument. *See Richison*, 634 F.3d at 1130-31 (declining to consider new legal theory where appellant failed to show how his new legal theory satisfied the plain error standard).

III. Conclusion

For the foregoing reasons, we affirm the district court's judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge

11