**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GERALDINE DUBOIS, guardian of the
person and estate of Gregory Steven
DuBois,

      Plaintiff - Appellee,

v.

S. BROWN; MITCH GOODMAN,

      Defendants - Appellants,

and

THE BOARD OF COUNTY
COMMISSIONERS OF MAYES
COUNTY, OKLAHOMA; FRANK
CANTEY; CHUCK WARD; JEFFERY
BARTLETT; EMILY GARCIA; MIKE
REED,

      Defendants.
_____

No. 16-5031
(D.C. No. 4:12-CV-00677-JED-PJC)
(N.D. Okla.)

GERALDINE DUBOIS, guardian of the
person and estate of Gregory Steven
DuBois,

      Plaintiff - Appellee,

v.

JEFFERY BARTLETT,

      Defendant - Appellant,

and

No. 16-5032
(D.C. No. 4:12-CV-00677-JED-PJC)
(N.D. Okla.)

THE BOARD OF COUNTY
COMMISSIONERS OF MAYES
COUNTY, OKLAHOMA; FRANK
CANTEY; CHUCK WARD; S. BROWN;
MITCH GOODMAN; EMILY GARCIA;
MIKE REED,

     Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
_____

     Plaintiff Geraldine DuBois, as the guardian of Gregory Steven DuBois (DuBois), brought suit under 42 U.S.C. § 1983 for constitutionally inadequate medical care while DuBois was a pretrial detainee at the Mayes County Jail (the Jail). The defendants include supervisor Mitch Goodman and jailers Steve Brown and Jeffrey Bartlett. In this interlocutory appeal, Goodman, Brown, and Bartlett challenge the district court's denial of their motions for summary judgment based on qualified immunity. In Goodman's and Brown's appeal (No. 16-5031), we dismiss in part and affirm in part. In Bartlett's appeal (No. 16-5032), we reverse and remand for the district court to enter judgment for Bartlett based on qualified immunity.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

DuBois was detained at the Jail from April 8, 2011, until July 16, 2011. The Jail's medical provider was a nurse practitioner, who saw him on April 10 and again on May 7. During his time at the Jail, DuBois complained of stomach pain, and he testified that he vomited almost daily.

Late on May 17, other inmates in DuBois' cell locked him out because he was sick. DuBois told Brown that he was not feeling well and that he felt like he might be having a gallstone attack. DuBois was moved to another cell because of the lockout situation. Minutes later, Brown and Bartlett were notified by inmates in the new cell that DuBois was vomiting blood. They responded and observed a brown liquid substance on the toilet and floor. They moved DuBois to an observation cell, but he was not examined by the nurse practitioner or any other medical personnel.

On June 11, DuBois was placed in an isolation cell for medical reasons, and he remained there for eight days without medical examination. He then was placed in the general population, but only for 24 hours, as he was returned to isolation on June 20 because he continued to vomit. He remained in the isolation cell until July 15, but again never was referred for medical examination.

Late on July 15, DuBois began vomiting blood. The Jail's log indicates that at 22:00 the jailer on duty called Goodman to report on the situation. At 23:15, the jailer witnessed DuBois continue vomiting. He sought transport to the hospital for DuBois and called the Jail Administrator and the Jail's nurse practitioner. The Jail Administrator came to transport DuBois, who arrived at the emergency room at

3

approximately 00:15 on July 16. He soon was transferred via helicopter to another hospital. Ultimately he was diagnosed with a perforated colon, caused by previously unknown colon cancer. Due to complications from loss of blood and hemorrhagic shock on July 15-16, DuBois' right leg was amputated on July 19.

Ms. DuBois sued Goodman, Brown, and Bartlett (as well as other defendants not involved in these appeals) for violating DuBois' constitutional right to adequate medical care. Defendants each moved for summary judgment on the ground of qualified immunity, which put the burden on Ms. DuBois to "show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Henderson v. Glanz*, 813 F.3d 938, 952 (10th Cir. 2015). The district court denied the defendants' motions, concluding there were genuine issues of material fact as to whether defendants were deliberately indifferent to DuBois' serious medical needs. Goodman and Brown appeal in No. 16-5031, and Bartlett appeals in No. 16-5032.

## DISCUSSION

In an interlocutory appeal of a denial of qualified immunity, our jurisdiction is limited to abstract questions of law. *Henderson*, 813 F.3d at 947. Accordingly, "[o]n interlocutory appeal, we may review: (1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, or (2) whether that law was clearly established at the time of the alleged violation." *Id.* at 948 (internal quotation marks omitted). But under *Johnson v. Jones*, 515 U.S. 304, 313 (1995), "this court has no interlocutory jurisdiction to review whether or not the

4

pretrial record sets forth a genuine issue of fact for trial." *Henderson*, 813 F.3d at 948 (internal quotation marks omitted). Therefore, "if a district court concludes that a reasonable jury could find certain specified facts in favor of the plaintiff, . . . we usually must take them as true—and do so even if our own *de novo* review of the record might suggest otherwise as a matter of law." *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010). A limited exception to this general rule, however, is that "when the 'version of events' the district court holds a reasonable jury could credit 'is blatantly contradicted by the record,' we may assess the case based on our own *de novo* view of which facts a reasonable jury could accept as true." *Id.* at 1225-26 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

## No. 16-5031

The district court denied summary judgment because it found a genuine issue of material fact as to whether defendants were deliberately indifferent to DuBois' serious medical needs. Goodman and Brown dispute this conclusion, arguing that the district court misconstrued the evidence. To evade the limitations on our review, they invoke the "blatant contradiction" exception and urge us to review the record de novo. We decline to do so. The "blatant contradiction" exception is difficult to satisfy, and the record is not so devoid of support for the district court's findings that it would be appropriate to apply the exception in this appeal. Accordingly, we lack jurisdiction to consider defendants' challenges to the district court's conclusions about evidence sufficiency. *See Henderson*, 813 F.3d at 949-50.

5

Goodman and Brown further argue that the law was not clearly established "in the particular circumstances they faced." No. 16-5031, Aplt. Br. at 51. This argument, however, is not predicated upon analyzing the facts as found by the district court, but on analyzing the facts as advocated by defendants. We therefore lack jurisdiction to consider it. *See Henderson*, 813 F.3d at 948; *Castillo v. Day*, 790 F.3d 1013, 1018 (10th Cir. 2015).

We do have jurisdiction to consider Goodman's argument that Ms. DuBois improperly seeks to impose supervisory liability on him for the events of July 15 and 16. *See Johnson v. Martin*, 195 F.3d 1208, 1215 (10th Cir. 1999) (holding that defendants' argument regarding supervisory liability was reviewable on interlocutory appeal). But we disagree with Goodman's assertion that Ms. DuBois is suing him simply for being a supervisor. The facts found by the district court were that a jailer reported to Goodman that DuBois was throwing up blood at 22:00 on July 15, but then the jailer failed to take any action to secure medical treatment for DuBois until 23:15, and DuBois did not arrive at the hospital until 00:15 on July 16. Based on these facts, the district court held that a reasonable jury could infer that Goodman did not direct that DuBois be given immediate medical care, thereby directly contributing to a two-hour delay in treatment and DuBois' loss of his leg. Rather than being rooted in supervisory liability, this assessment involves liability for Goodman's own action or inaction—namely, what he did or did not direct the jailer to do. A supervisor's direct participation in the relevant events is an appropriate ground for

6

assessing liability.  *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).[1]

Accordingly, we dismiss those portions of No. 16-5031 that we lack jurisdiction to consider, and we otherwise affirm the district court's decision.

## No. 16-5032

Recognizing our jurisdictional limitations, Bartlett assumes the facts identified by the district court and contends (1) those facts are not sufficient to establish a constitutional violation, and (2) the law was not clearly established.  We have jurisdiction to consider these purely legal questions.  *Henderson*, 813 F.3d at 948; *Estate of Booker*, 745 F.3d at 409.  Our review is de novo.  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment extends to the unnecessary and wanton infliction of pain caused by prison officials' deliberate indifference to serious medical needs of prisoners." *Id.* (internal quotation marks omitted).  This principle also "applies to pretrial detainees through the due process clause of the Fourteenth Amendment." *Howard v. Dickerson*, 34 F.3d 978, 980 (10th Cir. 1994).  "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki*, 762 F.3d at 1192.  Here, Bartlett argues that the facts assessed by the district court fail to satisfy the subjective component.

---

[1] Goodman also conclusorily asserts that he had no duty to DuBois because he was not on duty at the Jail on the evening of July 15, 2011.  He does not supply any authority or otherwise develop this argument, however, and therefore we consider it waived for inadequate briefing.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

7

A prison official will not be liable in a conditions-of-confinement case "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir. 2003). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. "This subjective standard lies 'somewhere between the poles of negligence at the one end and purpose . . . at the other.' . . . The Supreme Court has analogized it to criminal recklessness, to the conscious disregard of a 'substantial risk of serious harm.'" *Blackmon v. Sutton*, 734 F.3d 1237, 1244-45 (10th Cir. 2013) (quoting *Farmer*, 511 U.S. at 836). "[T]he symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. The question is:  were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (internal quotation marks omitted).

"In a qualified immunity appeal, we are required to consider those facts which the district court found were sufficient to support the denial of the motion for summary judgment." *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (en banc). "[D]eliberate indifference is assessed at the time of the alleged omission." *Estate of Booker*, 745 F.3d at 433. It is undisputed that no one at the Jail was aware

8

of DuBois' colon cancer before July 16, 2011; our inquiry must focus on the symptoms in May and June that were known to Bartlett. The district court found the following facts to be supportable: DuBois was vomiting frequently while at the Jail; Bartlett knew about certain specific instances when DuBois vomited (May 17) or complained of stomach pain (June 8); on May 17, Bartlett observed a brown, liquid substance on the toilet and floor; Bartlett administered over-the-counter medication to DuBois on June 8 (Tylenol) and June 9 (Tums); Bartlett knew by June 8 that DuBois continued to have the same types of complaints over and over again; yet Bartlett failed to refer DuBois for medical attention.[2]

Even taking these facts in the light most favorable to Ms. DuBois, however, they are insufficient to establish the subjective prong of the deliberate indifference test as to Bartlett—that is, that Bartlett knew of and disregarded a substantial risk of serious harm to DuBois' health. No reasonable juror could conclude that the symptoms known to Bartlett obviously signified a serious medical need that required treatment by a medical practitioner or that, in these circumstances, Bartlett's failure to seek medical attention for DuBois rose to the level of recklessness. The facts as found by the district court would not allow a reasonable juror to infer that Bartlett actually drew an inference of a substantial risk of serious harm. His failure to

---

[2] The district court also found that "Bartlett was working during the time that Dubois was moved to the isolation cell for medical reasons, but Dubois did not receive any medical attention or evaluation during that time." No. 16-5032, Aplt. App., Vol. VII at 1256. The district court did not find that Bartlett was personally involved in the transfer, however, and therefore an inference that Bartlett knew of the reasons for the move is speculative.

alleviate a potential risk that he should have perceived, but did not, would not establish deliberate indifference. *See Farmer*, 511 U.S. at 838; *Verdecia*, 327 F.3d at 1176-77. Further, as the district court also recognized, Bartlett left the Jail's employ in late June (his employment undisputedly was terminated on June 20, 2011). Thus, Bartlett's duty to seek medical attention for DuBois ended several weeks before the July 15 medical emergency.

For these reasons, we conclude that Ms. DuBois failed to establish that a reasonable jury could conclude that Bartlett acted with deliberate indifference.[3] Bartlett therefore is entitled to qualified immunity. *See Verdecia*, 327 F.3d at 1177.

## CONCLUSION

In No. 16-5031, the appeal is dismissed in part for lack of jurisdiction and affirmed in part. In No. 16-5032, the district court's denial of qualified immunity to Bartlett is reversed and this matter is remanded with instruction to enter judgment in favor of Bartlett.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3] This analysis focuses solely on Bartlett. We express no opinion as to whether the facts as found by the district court would allow a reasonable jury to find deliberate indifference on the part of any other defendant.

10